Cole ANDERSON, Appellee,

v.

SOUTHERN IOWA ELECTRIC
COOPERATIVE, INC.,
Appellant.

The ESTATE OF David Dean BROWN,
by its personal representative, Jeani
Diane Brown MAUZY, Appellee,

v.

SOUTHERN IOWA ELECTRIC
COOPERATIVE, INC.,
Appellant.

Cole ANDERSON, Appellant,

v.

SOUTHERN IOWA ELECTRIC
COOPERATIVE, INC.,
Appellee.

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South

The ESTATE OF David Dean BROWN,
by its personal representative, Jeani
Diane Brown MAUZY, Appellant,

v.

SOUTHERN IOWA ELECTRIC
COOPERATIVE, INC.,
Appellee.

The ESTATE OF David Dean BROWN,
by its personal representative, Jeani
Diane Brown MAUZY,

v.

SOUTHERN IOWA ELECTRIC
COOPERATIVE, INC.,
Appellee,

Cole Anderson, Appellant.

Nos. 88–2002 to 88–2004
and 88–2075.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1988.
Decided March 29, 1989.

Lloyd E. Keith, Ottumwa, Iowa, for appellant.

Michael J. Galligan, Des Moines, Iowa, and Dennis W. Emanuel, Ottumwa, Iowa, for appellee.

Before BOWMAN and MAGILL, Circuit Judges, and BATTEY,* District Judge.

PER CURIAM.

NATURE AND PROCEDURAL HISTORY

These cases, consolidated for trial, were filed in United States District Court for the Southern District of Iowa, Central Division, under diversity of citizenship jurisdiction. 28 U.S.C. § 1332. On November 22, 1982,

Dakota, sitting by designation.

Cole Anderson (Anderson) and David Dean Brown were moving a grain auger by hand when it came into contact with an overhead power line owned and maintained by Southern Iowa Electric Cooperative, Inc. (Southern). David Dean Brown was electrocuted and Anderson was injured in the incident. Anderson commenced an action to recover damages for his personal injuries and the Estate of David Dean Brown (Brown) sought recovery for wrongful death against Southern and the manufacturer of the auger, Speed King Manufacturing, Inc. (Speed King). The claims of Anderson and Brown were based on negligence. Southern claimed by way of cross claim that negligence on the part of Anderson and David Dean Brown was the proximate cause of the injuries. Further, Southern claimed that the auger constituted a defective product and that Speed King was responsible to Anderson and Brown under the theory of strict liability. Prior to trial both Anderson and Brown settled with and released Speed King.

At trial before the United States Magistrate[1] the jury apportioned fault as follows:

|            |             |
| ---------- | ----------- |
| Southern   | 50 percent  |
| Anderson   | 25 percent  |
| Brown      | 25 percent  |
| Speed King | 0 percent   |

Anderson appeals the jury verdict finding him 25 percent at fault in the personal injury action. Anderson cross appeals the jury verdict finding him 25 percent at fault in the wrongful death action. Brown cross appeals the jury verdict finding Brown 25 percent at fault in the wrongful death action. Southern appeals the jury verdict finding it 50 percent at fault in both the personal injury and wrongful death actions.

## ANDERSON'S APPEAL

Anderson argues for reversal in his appeal against Southern that:

(1) the trial court erred in failing to submit the issue of fault of Speed King based upon strict liability to the jury;

(2) the trial court erred in failing to allow Anderson to introduce into evidence portions of the complaints setting forth causes of action against Speed King;

(3) the trial court erred in failing to admit into evidence the 1981 edition of the National Electric Safety Code and related testimony;

(4) the damages awarded to Brown were excessive; and

(5) the trial court erred in failing to set off Brown's settlement from Speed King against Brown's judgment.

## ANDERSON'S CROSS APPEAL

In his cross appeal Anderson argues for reversal that:

(1) the jury should not have been allowed to attribute fault against Anderson and the court erred in awarding judgment for contribution against Anderson in the Brown case;

(2) the special interrogatory jury verdict form failed to include the effects of contribution when attributing fault;

(3) the jury instructions failed to distinguish between apportionment of fault of Anderson for his own injuries and any fault with respect to Brown; and

(4) the $125,000 jury verdict awarded to Anderson was inadequate.

## BROWN'S CROSS APPEAL

By cross appeal, Brown argues for reversal that there was insufficient evidence to submit the issue of Brown's fault to the jury and insufficient evidence to support the verdict.

## SOUTHERN'S APPEAL

Southern appeals arguing for reversal that (1) the trial court erred in failing to submit to the jury the theory of strict liability against the released defendant,

1. The Honorable R.E. Longstaff, United States     Magistrate for the Southern District of Iowa.

Speed King; (2) the trial court erred in failing to allow Southern to introduce into evidence those portions of the complaint of each plaintiff setting forth causes of action against Speed King; (3) the trial court erred in refusing to allow into evidence the 1981 edition of the National Electric Safety Code and related testimony; (4) the jury's damage awards in the Brown case for damages to the estate and to losses for spousal and parental consortium were excessive; and (5) the trial court erred in the Brown case in failing to set off a settlement receipt from Speed King against the judgment.

CONCLUSION

We have considered each issue raised by the Appellants and Cross Appellants and find them to be without merit. The issues raised have no precedential value and do not warrant discussion. We have reviewed the briefs and the relevant portion of the record and find no error of law and no abuse of discretion. The judgment of the United States Magistrate is summarily affirmed. *See* 8th Cir.R. 14.